[Civ. No. 11184. First Appellate District, Division Two.—May 13, 1940.]

JOHN CASEY, Respondent, v. CHARLES DELELIO et al., Appellants.

Redman, Alexander & Bacon and Herbert Chamberlin for Appellants.

John J. Taheny for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for personal injuries and had a verdict for $6,000 and $5,000 respectively against Charles and Alfredo Delelio to whom we refer herein as defendants, since the other defendants had a verdict against plaintiff and are not interested in the appeal. The defendants' appeal raises four separate questions, but we will confine our discussion to the first which relates to the charge of contributory negligence on the part of the plaintiff.

The facts concerning the accident are not in material dispute. At about 5:40 o'clock on the morning of January 13, 1938, the plaintiff walked northerly on the westerly side of Third Street, in the city and county of San Francisco, crossed its intersection with King Street, and then turned to his right in an easterly direction to cross Third Street. At that point King Street was occupied by the Southern Pacific Railroad Company with three sets of railway tracks which were used chiefly for switching purposes. The westerly side of Third from King to Townsend Streets north was occupied by the Southern Pacific depot. It had a wide sidewalk and curbing throughout the block. The easterly side of Third Street from King to Townsend was occupied by stores and other places of business. There was no defined or marked crosswalk at the intersection of Third and King. What might be termed the point of the curb on the east side of Third was a little farther south than that on the west. After crossing the railroad tracks, plaintiff looked to his left and to his right and saw a street car coming northerly on Third Street and crossing the railroad tracks at that intersection upon the signal of the flagman stationed at that point. He then started easterly and ran across the street railway tracks to a point approximately between three and ten feet easterly from the most easterly rail where he was hit by defendants' automobile which was proceeding northerly paralleling the street car.

Negligence is charged to the defendants in the excessive speed at which the automobile was operated with insufficient or defective brakes, and with a failure to sound a horn. Their negligence in this operation of the vehicle will be assumed. In their attack upon the judgment the defendants charge that the plaintiff was guilty of contributory negligence as a matter

of law in his attempting to cross the street at a point other than the crosswalk and in front of the moving street car which completely obscured his view of all northbound traffic to the east of the street car.

The plaintiff did not appear as a witness at the trial but in a deposition given soon after the accident he testified: "I don't know just where it did happen, no." Witnesses agreed that plaintiff fell where he was struck and was not carried forward by the automobile. The operator of the street car testified that the plaintiff fell right where he was hit and that that point was about thirty to thirty-five feet from the northerly property line of King Street. The police officer who helped remove the plaintiff from the street testified that he was lying thirty feet from the intersection of King Street. Another police officer, who was on the scene at the time, testified that the plaintiff was lying at a point even with the restaurant doors at a place on the easterly side of Third Street. These doors were later shown to be thirty-two feet three inches from the intersection. The undisputed evidence is that plaintiff was not crossing the street at the intersection as that expression is defined in the Vehicle Act, but he was attempting to cross at a point approximately thirty feet north of such intersection.

■ By the same undisputed evidence the plaintiff was shown to have run into the place of danger without looking for traffic. The plaintiff testified in his deposition that he was crossing the street at "a mighty good gait", faster than a walk, "You wouldn't call it a long run, but I had a very good step. I remember that. I figured to get on the other side. Q. You were going faster than a walk? A. Oh, yes, faster than a walk; faster than an ordinary walk." Plaintiff said he first saw defendants' automobile coming after he had passed in front of the street car. He testified: "I couldn't stop there then, because I was going at a fairly good rate, and my speed couldn't be stopped, and the street car,—I didn't actually know by looking at him, or looking at the street car, whether I was even across the tracks yet or not." And when asked the question: "When was it that you started to run"? he answered, "Well, when I got over the track that the street car was on, I seen then that he was coming toward me on the other side. Q. And it was how far away from you at that

time? A. Well, it was probably a car length, or maybe a half a car length.''

The ''Restatement of Question Involved'' appearing in respondent's brief rests on his construction of the testimony that ''the plaintiff walked on a crosswalk across a car track in front of a street car which was slowly approaching thereon at a speed of 3 or 4 miles an hour, and kept looking at all times in the direction of approaching traffic, and cleared the track when the street car was about 19 feet away, at which time he observed the defendant's automobile to be at the rear of the street car or farther back, and was struck with terrific force by the defendant's automobile after the street car then had proceeded about 25 feet . . . ''. Unfortunately for plaintiff these facts do not appear in any evidence taken at the trial.

In the deposition of the operator of the street car who observed the plaintiff running across the street it appears that plaintiff started to run in front of the street car at about the time he approached the northbound tracks, that he was approximately ten feet east of the easterly rail when he was hit, that he dropped to the pavement right where he was struck, that at the moment of the impact the street car had covered the intervening twenty feet so that he was directly opposite plaintiff at the moment he was struck, that the plaintiff was not carried forward by the automobile, and that he did not cease running from the time the witness first saw him approaching the southbound tracks of the street railway, until he was struck by defendants' automobile. The defendant, Charles Delelio, testified that as he was crossing the intersection at King Street his automobile was about three feet to the east of the street car. All witnesses agreed that the point of impact was approximately from three to ten feet from the easterly rail. The plaintiff was hit by the left front fender and bumper of the automobile, and the same evidence demonstrates that the plaintiff did not yield the right of way to the approaching automobile, and that having first discovered that there was no traffic coming southerly on Third Street, he left this place of safety and ran into a position of danger without taking any precautions for his own safety before doing so. As he went forward across the street he voluntarily placed the screen of the moving street car between himself and all approaching traffic from the south, and because

of this it became impossible for him to observe any of the traffic coming northerly on Third Street alongside of or to the rear of the moving street car.

The facts of this case bring it squarely within the principle stated in *White* v. *Davis,* 103 Cal. App. 531, 542 [284 Pac. 1086], where the court said: "There seems to be a general rule running through the cases where a pedestrian, or one standing on a highway, is injured by an automobile, which usually determines whether the question of contributory negligence is one of law or of fact. Where the injured party fails to look at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see, or in other words, where he takes no precaution at all for his own safety, it is usually a question for the court." A case very similar to the case at bar is *Anderson* v. *Market Street Ry. Co.,* 116 Cal. App. 282 [2 Pac. (2d) 529]. Many others are cited in 8 California Jurisprudence Ten-Year Supplement, pages 400 and 983. As long as the doctrine of contributory negligence as a matter of law is to be recognized it must be applied to a case such as this where the undisputed evidence shows that plaintiff voluntarily placed himself in a position where he could not see danger approaching from a point where a reasonable man must have anticipated it.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 12, 1940, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 12, 1940. Carter, J., voted for a hearing.